TOWSLEE v. RUSSELL *et al.*

Bill of Sale : STOCK OF GOODS : DESCRIPTION. A bill of sale described the property as "all my stock of goods, wares and merchandise now contained in a certain building situated," etc., "and all other personal property and fixtures, of whatever kind or nature, now contained in said building, or on the lot on which the same is situated. Said building is situated on lot 2, or 2 and 3, in block 29." The winter goods belonging to the stock were stored for the summer in another building situated on the lot on which the greater part of the building described was situated. *Held*, against a subsequent attaching creditor, that these winter goods were covered by the terms of the bill of sale.

*Appeal from Mills District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, JANUARY 18, 1889.

PLAINTIFF commenced an action against defendant to recover the amount due on certain notes and an account. In aid of that action, an attachment was issued, and levied upon the property in controversy.

At a subsequent date, J. V. Hinchman intervened in the action, claiming to own the attached property. Judgment was rendered against defendant for the amount of plaintiff's claim. The issues raised on the petition of intervention were tried to the court, and a judgment was rendered in favor of intervenor. From that judgment the plaintiff appeals.

*E. B. Woodruff*, for appellant.

*Stone & Gillilland*, for appellee.

ROBINSON, J.—Prior to the commencement of this action defendant had been engaged in mercantile business in Glenwood. The business was chiefly carried on in a building owned by one Lufkin, but it had been the custom of defendant for several years to store his winter goods during the summer season in the upper story of a building owned by his brother, which stood on the same lot occupied by the larger part of the Lufkin building. On the twentieth day of July, 1887, defendant executed and delivered to intervenor a bill of sale, which was recorded on the same day. Two days later plaintiff commenced this action, and caused the goods in controversy to be taken under his writ. These were winter goods, which had been withdrawn from the remainder of the stock for the summer season, and were stored in the upper part of the Russell building.

It is contended by appellant that these goods were not conveyed by the bill of sale, while appellee insists that they were. The description of the property sold, as set out in the bill of sale, is as follows: "All my stock of goods, wares and merchandise now contained in the certain brick building owned by D. B. Lufkin or his wife, situated on the south side of the public square in Glenwood, * * * and all other personal property and fixtures, of whatever kind or nature, now contained in said building, or on the lot on which the same is situated. * * * Said brick building is situated on lot 2, or 2 and 3, in block 29, in Glenwood. * * *" The court properly permitted

intervenor to show that the goods taken were a part of the general stock of defendant, and that they had been placed in the Russell building for a temporary purpose. It is contended by appellant that the bill of sale, by its terms, conveys no property not within the Lufkin building, or on the lot immediately in front or back of it, and that the description which it contained was not sufficient to enable the identification of any goods stored in the Russell building. The case of *Muir v. Blake*, 57 Iowa, 665, is relied upon as sustaining that claim. We do not think the position of appellant is well taken, and the case cited certainly does not sustain it. The goods in controversy formed a part of the general stock of defendant. They were in a building located on the lot described in the bill of sale, and, if not included in the description, "my stock of goods," etc., were certainly "other personal property" on the lot described. But it is said the description last mentioned was designed to include property on the lot, but outside of the buildings. We do not think that such a construction of the language used is necessary. The instrument, as a whole, shows an intent to sell and transfer all of the stock in trade of defendant, and all property belonging to him which had been used in connection with it, and all other property on the lot described. It plainly indicated that it was intended to convey property not contained in the Lufkin building. It suggested inquiry for property outside of that building, but on the same lot. If such an inquiry had been made, it would have led to a knowledge of the goods in controversy, and that was sufficient. *Stephens v. Pence*, 56 Iowa, 258; *Yant v. Harvey*, 55 Iowa, 422. It is proper to say, further, that the evidence shows that it was the intent of the parties to the bill of sale to convey the property in controversy; that it tends to show that intervenor had taken possession of it before the levy; and that plaintiff was chargeable with knowledge of that fact at the time of his levy. The judgment of the district court is

AFFIRMED.