Iowa Savings Bank, Appellee, v. C. C. Graham, Appellee, et al., Appellant.

**CHATTEL MORTGAGES: Description—Indefinite Residence of Mortgagor.** A duly recorded chattel mortgage on an automobile of a given make, model, and engine number imparts constructive notice, even though the particular place of residence of the mortgagor *in the county* is not given, it appearing that such engine number would not appear upon any other car of that make and model.

**CHATTEL MORTGAGES: Description—Misdescribed Indebtedness.** A chattel mortgage and the effect of the due recording thereof are not nullified by the fact that the mortgage misdescribes the date of the note secured.

*Appeal from Johnson District Court.*—R. G. Popham, Judge.

MARCH 16, 1921.

REHEARING DENIED OCTOBER 1, 1921.

Action in equity, to determine the priority of liens. There was a decree in the court below in favor of plaintiff, and the defendant Bell appeals.—*Reversed.*

*Bailey & Murphy,* for appellant.

*Wilson, Evans & McClain,* for appellee.

Stevens, J.—I. Plaintiff, the Iowa Savings Bank, appellee herein, on November 11, 1919, obtained a judgment against the defendant C. C. Graham, in the district court of Washington County, Iowa. At the time of the commencement of action in Washington County against Graham, a writ of attachment was sued out and levied upon a Ford touring car, described as a 1914 model, bearing license No. 38695, Iowa, and engine No. 61913, as

the property of the defendant Graham. The court, at the time the judgment was entered, awarded execution for the sale of the automobile, and, on December 29, 1919, the sheriff of Washington County advertised the same for sale, fixing the 31st day of January, 1920, therefor. On January 29, 1920, the defendant Ross Bell caused a written notice, reciting that he held a chattel mortgage upon said property, executed October 18, 1918, and duly recorded in the office of the county recorder of Iowa County on the following day, to be served upon the sheriff in possession of said automobile. Shortly after the service of this notice, a stipulation was entered into between plaintiff, Graham, and Ross, agreeing that the sale should be adjourned, that the automobile should remain in the possession of the sheriff, and that they should submit their respective claims to the district court of Johnson County, Iowa, for decision, in accordance with Section 3988 of the Supplement to the Code, 1913. In due time, plaintiff filed a petition in equity, setting up the facts already stated, and asking that the lien of its judgment be declared superior and paramount to the claimed mortgage lien of appellant Ross. Ross filed answer, and a trial followed upon the issues joined, resulting as stated. The record does not disclose the form or date of the obligation upon which plaintiff obtained judgment against defendant Graham, but the mortgage in question was executed on October 18, 1918, which was after action was commenced against Graham in Washington County.

The validity of appellant's mortgage is assailed by appellee upon three grounds: (a) That the description of the property mortgaged is insufficient for the record to impart constructive notice; (b) that same was not recorded in the

1. CHATTEL MORT-
GAGES: de-
scription: in-
definite resi-
dence of mort-
gagor.

county in which the holder of the property resided; and (c) that the note offered in evidence bears date July 31, 1918, whereas the date of the note described in the mortgage is given as October 18, 1918.

The chattel mortgage recites that C. C. Graham, the mortgagor, is a resident of Iowa County, but does not designate in what part of the county he resides. The mortgage describes the property as follows:

"One five-passenger Ford touring car No. 61913, yellow wheels and cherry body—1914 model."

The settled rule in this state is that the description in a chattel mortgage is sufficient if it will enable third persons, aided by inquiries which the instrument itself indicates and suggests, to identify property. *Andregg v. Brunskill,* 87 Iowa 351; *Haller v. Parrott,* 82 Iowa 42; *Preston v. Caul,* 109 Iowa 443; *Westinghouse Co. v. McGrath,* 131 Iowa 226; *Sandwich Mfg. Co. v. Robinson,* 83 Iowa 567; *Farmers' & M. Bank v. Stockdale,* 121 Iowa 748; *State Bank v. Felt,* 99 Iowa 532; *Rhutasel v. Stephens,* 68 Iowa 627; *Ashley v. Keenan,* 157 Iowa 1; *Iowa Auto. Sup. Co. v. Tapley,* 186 Iowa 1341; *Commercial Sav. Bank v. Brooklyn L. & G. Co.,* 178 Iowa 1206. Had the mortgage in the case before us stated the residence, ownership, and location of the automobile, the description would have been complete in every respect. These elements would have aided materially in locating the automobile, but they are not indispensable to a valid description. If the description is otherwise sufficient to enable third parties to identify the property thereby, or by such inquiries as the instrument itself suggests, it is all that is required, for the record to impart constructive notice. According to the testimony, the number appearing on the engine and given in the mortgage would not appear upon any other five-passenger Ford touring car, and therefore the means of identifying the mortgaged property was complete. It is true that it might be difficult for an officer seeking to levy a writ of attachment to locate the automobile without more definite information than was given in the mortgage, but he was bound to know the number of the automobile appearing on the mortgage, and could easily determine whether the car levied on bore that number.

It is suggested by counsel for appellee that one seeking to identify the mortgaged property could not tell whether the designated number related to the number of the engine or to the license number. This suggestion is without persuasive force. The number stated in the mortgage purports to be the number of the car, and not the license number. It is conceded that the automobile in question is the property of the defendant Graham, and that it bears the engine number given in the mortgage. The mortgage description was certainly sufficient to impart constructive notice.

II. But it is also urged by counsel for appellee that the

mortgagor was a resident of Washington County; that the automobile was kept in said county; and that, therefore, the record of the mortgage in Iowa County did not give constructive notice to plaintiff. There is some dispute in the evidence as to whether Graham resided in Iowa County or in Wellman, Washington County. He is married, but does not reside with his family. He sold the business formerly conducted by him in Wellman, prior to the date of the chattel mortgage. The evidence, although conflicting, fairly shows, we think, that he resided and kept the property in Iowa County; and therefore it was properly recorded therein.

III. The failure of the mortgage to correctly state the date of the note is not necessarily fatal. The error was evidently that of the scrivener who prepared the instrument. The evidence, without dispute, shows that Graham was indebted to Ross in the sum of $400, for which he gave him a note on July 31st, at the same time agreeing to later execute a chattel mortgage upon the automobile, to secure the payment thereof. The mortgage in question was, no doubt, executed in pursuance of this agreement. The amount of the note is correctly given, and the mortgage is not invalid merely because the date of the note evidencing a valid indebtedness was incorrectly stated therein.

2. CHATTEL MORT-GAGES: description: misdescribed indebtedness.

It follows that the court should have decreed the lien of the chattel mortgage superior and paramount to that of plaintiff, and the judgment of the court below is—*Reversed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.