Bowman-Boyer Company, Appellant, v. James Burgett et al., Appellees.

CHATTEL MORTGAGES: Description of Property—Suggested Inquiries. The description in a chattel mortgage of the property mortgaged is sufficient if the description will enable a good-faith searcher to go to the farm or place indicated and, by utilizing suggested inquiries, to pick out the property intended, with reasonable certainty. So held where the suggested inquiries arose from the statement that the mortgage was a "purchase-money mortgage."

*Appeal from Lee District Court.*—W. S. Hamilton, Judge.

April 3, 1923.

Suit in equity, to settle priority of claims and to subject certain personal property to the payment of a judgment recovered by plaintiff against the defendant Burgett. Trial to court, petition dismissed, and plaintiff appeals.—*Affirmed.*

*B. F. Jones* and *Hollingsworth & Blood,* for appellant.

*E. W. McManus,* for appellees.

Weaver, J.—Plaintiff is the holder of a judgment rendered against the defendant Burgett, November 9, 1921. Execution was issued on the judgment, and levy thereof made or attempted to be made on property of said Burgett described in the officer's return upon the writ as follows:

"1 John Deere plow, 1 John Deere cultivator, 1 disk harrow, 1 three section harrow, 2 wagons, 3 sets of harness, 1 bay horse, 1 black horse, 1 sorrel horse, 1 brown horse, 1 pair gray mules, 2 cows, 1 calf, 35 hogs, and 100 bushels of corn in crib."

Following such levy, the plaintiff began this suit in equity, alleging that defendants other than Burgett claimed all of said property, or a lien thereon, by virtue of several chattel mortgages; but plaintiff avers that said mortgages are void and of no effect, in that the description of the property covered by said

instruments "is faulty, and is not sufficient to lead to the identification of said property." For the reason so stated, a decree is asked, establishing the lien of the execution levy as superior to the claims of said mortgagees, and subjecting the property to the payment of plaintiff's judgment. Said mortgage holders deny plaintiff's right to the relief demanded, allege the validity of their said liens, and aver that, at and before the time of said levy, plaintiff had both actual and constructive notice thereof. Upon trial of these issues to the court, a decree was entered in defendant's favor, dismissing the petition; and plaintiff appeals.

I. It is admitted of record that the property in question was, at the time of the levy of the execution, in the possession of Burgett, in Lee County, Iowa, and was owned by him subject to whatever claims the other defendants had thereon under their several mortgages. Except as to the question of the description of the property and the further question of notice to plaintiff of defendant's rights in the premises, the validity and good faith of the mortgages are not challenged. The mortgages are four in number, and the descriptions therein are as follows:

To defendant Horner: "The following personal property now situated in county of Lee and state of Iowa, and to be situated in county of Lee, state of Iowa, to wit: One red white-faced cow 5 years old, one Jersey cow two years old, one black male calf four weeks old, one black mare eight years old. The above goods being purchased of............and this mortgage is for the purchase money."

To defendant McCarty: "The following personal property now situated in Des Moines Twp., county of Lee, and state of Iowa, and to be situated in Des Moines Township, county of Lee, and state of Iowa, to wit: One (1) span of mules, dark gray in color, answering to the names of Kate and Joe, about 15½ hands high their ages being coming three year olds this spring, one being a horse and the other a mare mule. One (1) Hampshire sow and nine (9) pigs, all being marked with white belt, sow being about one year old. The above goods being purchased of S. McCarty and this mortgage is for the purchase money."

To defendant McCarty: "The following personal property now situated south of Argyle, Lee County, Iowa, one span iron-gray mules weighing about 1,150 pounds each, named Jennie and

Jack, three years old; one bay mare 12 years old, weight 1,100 pounds, named Topay; 1 young suckling mule, brown in color, named Jack; the above goods being purchased in part of Siney McCarty and this mortgage is for purchase money.''

To defendant Travers: ''The following personal property now situated in Des Moines Twp., county of Lee, and state of Iowa, and to be situated in Des Moines ·Township, county of Lee, and state of Iowa, to wit: One bay horse, named Tony, ten years old, one black horse ten years old named Billie, one sorrel horse nine years old, named Beauty, one black mare nine years old, named Lib. Two farm wagons, one Schutlar and one Smith, make, three sets double harness, 4 Hampshire brood sows, one Hampshire boar, one Duroc brood sow, one John Deere gang plow, one John Deere cultivator, one disc harrow, one three-section harrow, one sulky plow.''

The last described mortgage is conceded to be a renewal or substitution for prior mortgages in which the mortgagor describes the property as being ''owned by me and now in my possession on what is known as the Christ Benzinger farm near Sand Prairie, Lee County, Iowa.''

All the mortgages above mentioned were duly executed, acknowledged, and recorded before the rendition of the judgment held by the plaintiff. It is also shown without dispute that, if the lien of the mortgages is sustained, it covers all the personal property owned and possessed by Burgett, including the items levied upon. It also appears that, during all the period covered by these transactions, Burgett was a resident of Lee County, and that, at the time the mortgages given to McCarty and to Travers were executed, said mortgagor was living and had the property in his possession upon a farm a mile south of Argyle, in Lee County, and that, when the mortgage to Horner was made, he was living and had possession of the property upon a farm at or near Sand Prairie. It further appears that, before bringing the suit against Burgett in which the judgment was obtained, plaintiff's attorney visited Burgett at his home, to collect or secure payment of said claim, and while there, interviewed Burgett on the subject of making a chattel mortgage to the plaintiff. What was said in that conversation is the subject of dispute; but the evidence was sufficient to sustain a finding

by the trial court that Burgett then and there informed the attorney that he could not give such security, because his personalty was already all mortgaged. Later, but before the levy of the execution, the attorney personally examined the record. There was also evidence that, before the levy was made, the defendant McCarty notified plaintiff that the property was mortgaged, and that, before said levy was effected, Burgett gave the officer the same information.

True, most of the evidence of this character is denied wholly or in part by witnesses for plaintiff, but the finding by the trial court upon this point is not without fair support in the record. This court is, of course, not bound by the trial court's findings of fact, but in so far as they involve questions of the veracity of witnesses who were personally before it, we are always disposed to give them much weight.

The question of the sufficiency of the description of property in chattel mortgages is one which frequently arises. The recognized applicable rule that a description is sufficient if definite enough, when aided by inquiries suggested by the instrument, to identify the items described, is very easy of comprehension, but its practical application is often very difficult. There are kinds of property of which individual items bear distinctive brands or numbers or marks or patterns which make their identification a reasonable certainty; while there are other kinds in which there may be such a multitude of individuals of the same general class and character that identification is practically impossible, except as inquiry may be aided by ownership, possession, place, and other extrinsic circumstances. It is in cases of this latter class that trouble arises, and it is by no means easy to harmonize all the precedents with respect thereto. Indeed, it is rarely, if ever, the case that two or more disputes of this character are so similar in all material respects that a decision in one may be said, as a matter of law, to control the other. Now, taking the case in hand, we think it may fairly be said that most of the items mentioned in the mortgages are sufficiently described so that any officer or creditor or purchaser taking the list in hand and acting in good faith could go to the farm of Mr. Burgett and pick out the intended property with reasonable certainty. There are other items, perhaps, that

would require the aid of some inquiries to identify; but, as a rule, the mortgages do suggest inquiries which would aid therein, —as, for example, the statement that the mortgage was given to secure the purchase price of the property, and the statement of the location of the farm on which the property was kept. Moreover, there is hardly room for doubt that plaintiff had actual notice of the existence of these mortgages before the levy, and knew that the mortgagees were claiming liens on all this property. As between Burgett and the other defendants, the mortgages are unquestionably valid and enforcible; and we are disposed to hold, also, that the notice to plaintiff, both actual and constructive, is sufficient to sustain the ruling of the trial court that the equities are with the defendants.

Notice is actual, within the meaning of the law, where the purchaser knows of the existence of the adverse claim, or is conscious of having the means of knowledge and does not use them, whether his knowledge is the result of a direct communication or is gathered from the facts and circumstances. *Aultman & Taylor Mach. Co. v. Kennedy,* 114 Iowa 444.

It is to be noted that the description in these mortgages is in no manner misleading or erroneous, and the property, or most of it, is of a kind not capable of being described to a mathematical or photographic certainty, yet not difficult of identification, upon reasonable inquiry.

II. We do not undertake to discuss the legal or equitable theory suggested in the opinion expressed by the trial court preliminary to the entry of the decree. It is enough for present purposes that we agree with its conclusion that plaintiff is not entitled to the relief demanded.

III. Plaintiff excepts to the ruling of the trial court overruling its motion for new trial. The ground of the motion is the alleged discovery of new evidence. The matter of such alleged discovery is clearly of a merely cumulative character, and does not justify the granting of a new trial.

The decree appealed from is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.