WERTHEIMER & DEGEN, Appellants, v. O. J. PARSONS, Appellee.

No. 39728.

MARCH 18, 1930.

*Henry Monsky, F. E. Northup,* and *J. G. Cooper,* for appellants.

*C. H. E. Boardman* and *W. T. Bennett,* for appellee.

ALBERT, J.—To a general understanding of the questions raised on this appeal, a statement of the facts is necessary:

The plaintiff was and is a partnership residing in Omaha, Nebraska, engaged in buying and selling live stock. On October 18, 1922, the plaintiff sold to H. H. Keeler & Son, of Marshall County, Iowa, 59 head of steers, for the  sum of $2,418.82. These were stock cattle, and were taken to and fed by the purchaser in Marshall County, Iowa. To secure payment therefor, Keeler & Son on that date executed to the plaintiff a chattel mortgage covering the cattle thus purchased, which mortgage was recorded in Marshall County, Iowa, on October 20, 1922. The cattle were shipped over the Chicago & Northwestern Railway to Marshall County, and taken to and upon the farm referred to in the chattel mortgage. In May, 1923, 27 head of these cattle were sold to John Plumb, who shortly thereafter sold these 27 head, with some other cattle, to Adolph Pose, and Pose, a few days thereafter, sold these 27 head, with other cattle, to the defendant, O. J. Parsons. Later, in October, 1923, this action in replevin was instituted by the plaintiff, a writ was issued, and 27 head of steers were taken under such writ.

The petition of the plaintiff was in the usual form in an action of this kind. Defendant, by way of answer, denied generally and specifically each and every allegation contained in the petition and amendment thereto, except that he admitted that he is a resident of Marshall County; denied that the plaintiff was the owner and holder of any chattel mortgage or other lien upon the cattle described in the petition; denied that the cattle taken under the writ were the cattle described in the chattel mortgage; denied that the description of the cattle in the mortgage was

sufficient; and denied that he was in possession of any cattle or property described in the petition.

In the submission of the case to the jury, the court, in its instructions, stated, among other things:

"You are further instructed that, unless you find from a preponderance of the evidence the identity of the cattle and the description of the same in the chattel mortgage was sufficient to impart to the said Parsons constructive notice, as defined in these instructions, then your verdict should be for the defendant."

In another instruction the court told the jury that the plaintiff was bound to prove by a preponderance of the evidence the following matters which are in dispute:

"(1)    * * *; (2) that the description of the cattle contained in the chattel mortgage was so complete and sufficient that a third person with no knowledge of the cattle other than was contained in the chattel mortgage itself, aided by such inquiry as the instrument—i. e., chattel mortgage—indicates and directs, would be able to identify the cattle purchased by the defendant, Parsons, from Pose, * * * The matters of identity and sufficiency of description are to be determined by this jury from all the facts and circumstances of the case, as established by the evidence."

Later, in another instruction, we find the following:

"In other words, was the defendant, Parsons, given notice by that record that the plaintiff had a mortgage on the cattle he, Parsons, was purchasing of Pose? If you find that the mortgage did not give such notice, then your verdict should be for the defendant. The burden of proof is upon the plaintiff to establish such notice."

The complaint of the plaintiff herein as against these parts of the instructions is that they submit to the jury the question of the sufficiency of the description in the chattel mortgage; whereas appellant claims that the court should have held, as a matter of law, that this description was sufficient, and should have so told the jury, leaving for the jury the question of determining whether or not the cattle taken under the writ of

replevin were the identical cattle described in the chattel mortgage, and that, if they were, the plaintiff was entitled to recover.

The chattel mortgage is in the usual form, and, so far as material to our consideration, the description is as follows:

"Fifty-nine head of yearling Whiteface Shorthorn and Black Pole horned and dehorned steers average weight 597 pounds all branded S called Wiggling S back of left shoulder * * * they being all of this description now owned or controlled by us and are to be kept on * * * place being rented by us from T. W. Thomson, and located 3½ miles west of Albion, Iowa, in Marshall County * * * the above described live stock being all of the kind now owned by me and are in my undisputed possession, free from all liens and encumbrances and kept on my premises, * * * in Marshall County, Iowa, being the live stock purchased this 18th day of October, 1922, of Wertheimer & Degen."

It is apparent from the above-quoted parts of the instructions that the court submitted to the jury the question of whether or not the description in this chattel mortgage was sufficient to make a good chattel mortgage, and thus create the constructive notice required to prevent Parsons from being an innocent purchaser. We think the court erred in submitting this case to the jury, in that it should have held, as a matter of law, and so told the jury, that this description in the chattel mortgage was sufficient to meet all the requirements of the law to make a good and valid chattel mortgage. We have had this question before us many times, and, as will be seen from the following cases, this description was sufficient to meet the requirements of the law: *Rhutasel v. Stephens,* 68 Iowa 627; *Wheeler v. Becker,* 68 Iowa 723; *Kenyon v. Tramel,* 71 Iowa 693; *City Bank of Boone v. Ratkey,* 79 Iowa 215; *Colean Implement Co..v. Strong,* 126 Iowa 598; *Iowa Sav. Bank v. Graham,* 192 Iowa 96; *Bowman-Boyer Co. v. Burgett,* 195 Iowa 674; *Liscomb State Sav. Bank v. Akers,* 197 Iowa 706.

It is to be noted that these cattle were branded as specified in the mortgage, and the evidence shows without material dispute that the cattle taken under this writ bore the brand described in the chattel mortgage. The farthest the defendant and his witnesses go is to say that they never noticed or saw the

brand on the cattle, but neither he nor any of his witnesses deny that the brand existed. All of plaintiff's witnesses testified positively that this brand of the Wiggling S did exist on each and all of the cattle taken under this writ. Further than this, the testimony undisputedly shows that, out of the cattle described in the plaintiff's mortgage, 27 head were sold to John Plumb, who sold these 27 head to Pose, and Pose sold the same 27 head to the defendant, Parsons. It is undisputed that the cattle purchased in Omaha were taken upon the Thomson farm, which was rented by Keeler & Son, and were kept there from October, 1922, to May, 1923, and that said farm was 3½ miles west of Albion, in Marshall County, Iowa. The remainder of the cattle described in the chattel mortgage were sold on the Chicago market, and are not involved herein.

This same plaintiff had a somewhat similar case before this court, entitled in their name against Shultice, reported in 202 Iowa 1140. Some statements are made in that opinion which deserve attention. In that case, the cattle were never taken on the farm in Tama County. There was a mistake as to the name of the town which was referred to in the chattel mortgage. The mortgagor in that case sold the cattle to Plumb, and one McIlrath sold to the defendant in that case; but there was no showing of a sale by Plumb to McIlrath. The real point decided there was that, even though there was an error in the description in the chattel mortgage as to the location of the personal property, notwithstanding such error, there might be enough left in the description in the chattel mortgage to generate a jury question as to whether or not the property could have been identified from the entire description contained in the mortgage. The opinion cites as authority *Peterson v. Foli,* 67 Iowa 402; *Packers Nat. Bank v. Chicago, M. & St. P. R. Co.,* 114 Iowa 621; *Frick v. Fritz,* 115 Iowa 438; *Livingston v. Stevens,* 122 Iowa 62. A reference to each of these cases need not be made in detail; but in each of them, as in the *Shultice* case, supra, there was an erroneous description, and the question was whether or not there was enough left in the mortgage to identify the property. The rule there announced has no application to the situation before us, because in the instant mortgage there is no error in the description, and, as a matter of law, the description is perfect and complete, and sufficient to make constructive notice to

any subsequent purchaser, as was Parsons. This being true, it was error for the court to submit to the jury for their determination the sufficiency of the description in the chattel mortgage.

In the trial of the case, the plaintiff offered in evidence a certificate from the county recorder, showing the recording of the chattel mortgage in controversy; and objection to the same was sustained. The record is not very satisfactory in this respect. There is a statement that the chattel mortgage was originally made in duplicate, and the court remarked that one copy had been introduced in evidence, and that was sufficient. It is to be noted that the plaintiff alleged that the chattel mortgage was duly recorded, and the defendant, of course, by his general denial, questioned the accuracy of this allegation. It may be that the copy of the chattel mortgage originally offered in evidence did not show the recording thereof, and it was proper, therefore, to show by this certification that said mortgage was duly recorded. A certified copy of such record is admissible in evidence. Code, 1927, Sections 10025 and 10026.

The court in another instruction said to the jury: ''The recording of that mortgage gave notice of what its terms contained, but of nothing more than its terms contained.'' This is an unfortunate expression, in that the recording of the mortgage not only gave notice of what it recited, but of all facts that defendant might have learned by pursuing the recitation of the mortgage. *Thomas v. Kennedy*, 24 Iowa 397; *Loser v. Plainfield Sav. Bank*, 149 Iowa 672. In the latter case we held that it was notice to the world, not only of the facts and claims therein set forth, but also of all other material facts which an inquiry thereby reasonably suggested would have developed. See also on this question the *Shultice* case, supra.

For the errors heretofore referred to, prejudicial to the plaintiff, the case is—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.