HULL-DOBBS MOTOR COMPANY, a corporation, appellee, v. ASSO-
CIATES DISCOUNT CORPORATION, appellant.

No. 47689.

(Reported in 44 N.W.2d 403)

OCTOBER 17, 1950.

REHEARING DENIED DECEMBER 18, 1950.

White & White, of Harlan, for appellant.

Fred Louis, Jr., of Harlan, for appellee.

HAYS, J.—Plaintiff, an Illinois corporation with its place of business in Chicago, Illinois, is engaged in the business of sale of new and used automobiles. Defendant, a corporation with a place of business in Omaha, Nebraska, is engaged in the automobile finance business. George E. Mickel, Jr., handles new and used cars at his place of business in Harlan, Iowa, under the trade name of Mickel Motor Company.

In December 1948, at its place of business in Chicago, plaintiff delivered to Mickel Motor Company five automobiles which were immediately brought to Harlan, Iowa. At the time of the delivery of the cars to Mickel checks on a Harlan bank were handed to plaintiff. These checks were later protested for lack of funds, and no payment has ever been received by plaintiff. Mickel, upon receipt of the cars from Chicago, received a loan from defendant giving a chattel mortgage to it on the cars in question. Later, defendant took possession of the cars under the provisions of the mortgage, which possession was given to plaintiff under a writ of replevin. Upon trial to the court without a jury the court sustained the writ and adjudged the cars to belong to plaintiff. From this judgment defendant has appealed.

While there were two different transactions on different dates they were identical so far as material here and we treat them as one. The record shows that in December 1948 one Semerad, as agent for Mickel, went to Chicago and obtained

the cars in question from appellee. His instructions from Mickel were to buy cars "title attached." The procedure followed was: Semerad gave appellee Mickel's check, drawn on a bank in Harlan, Iowa, for the agreed price of the cars. On the check was written "title must be attached." Appellee then gave him an invoice which stated the make of the cars, motor and serial numbers, the price, and that was "for resale only." It also had typed thereon, "this car is on consignment to Mickel Motors, Harlan, Iowa and remains the property of Hull-Dobbs Inc. 4655 W. Washington Blvd. Chicago 44, Illinois until paid for and released by Hull-Dobbs, Inc." There also appears in print under the word "settlement" the following, in print, "cash on delivery" opposite which is typed "Rec. No. 26136—$1975." At the bottom of the instrument appear the words "This is your bill of sale." The cars were immediately delivered to Semerad and taken to Harlan, Iowa. Certificates of title, as required by Illinois law in the transfer of cars, were attached to the check, together with a note as follows: "Shelby County State Bank. Do not release attached papers until checks clear bank. Hull-Dobbs, Inc." The checks, certificates of title and the note of instructions to the bank were sent to the bank and in due time were returned with notice of protest on account of no funds. The above facts are without material dispute in the record.

The record further shows, without dispute, that on the date of the arrival of the cars from Chicago, Mickel gave appellant his promissory note, secured by a mortgage on the cars in question, for which he received cash. Appellant had had prior similar transactions with Mickel and at the time of the loan in question no questions were asked concerning Mickel's title to the cars. Appellant took possession of the cars under the mortgage.

Appellant asserts that the trial court erred in holding that the transaction between appellee and Mickel was an agreement to make a contract, and awarding the cars to appellee. It is appellant's contention that said transaction amounts to a conditional sale and under section 556.4, Code of 1946, appellant is entitled thereto.

■■ It is true, as claimed by appellee, that in a law action with jury waived the court's finding on conflicting facts has the

force of a jury verdict, and if there is substantial basis in the record for such finding it is conclusive on this court on appeal. Armstrong v. Smith, 227 Iowa 450, 288 N.W. 621. It is equally well-established that where the facts are not in material dispute the interpretation placed thereon by the trial court becomes a question of law, which is not conclusive on appeal. Hallagan .v. Dowell, 179 Iowa 172, 161 N.W. 177; Jones v. County of Woodbury, 199 Iowa 773, 202 N.W. 884. We deem the issue before us to be one of law.

I. Does the transaction between appellee, Hull-Dobbs Motor Company, and Mickel Motor Company constitute a conditional sale within the purview of section 556.4, Code of 1946?

Section 556.4 provides: "Conditional sales. No sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same * * * is duly recorded * * *." Under the purview of this statute any sale where the transfer of title or ownership is dependent on a condition is a conditional sale. As to what would be considered such transfer of title has been before this court many times.

In Hansen v. Kuhn, 226 Iowa 794, 797, 285 N.W. 249, 252, we quote with approval from Mercier v. Nashua Buick Co., 84 N. H. 59, 63, 146 A. 165, 168, as follows:

"'In its structure and contemplation a conditional sale is no different from any other completed sale. The property sold remains security for the debt, but the transaction of sale itself is a concluded one. The agreement divides itself into two separate parts, one of a fully effected sale and one of provision for securing payment. In this respect it is in full analogy with a sale in which the price is secured by a mortgage of the property sold.'"

Again at page 798 we said, quoting from Bentley & Olmstead v. Snyder & Son, 101 Iowa 1, 6, 69 N.W. 1023, 1025:

"* * * the most infallible test by which to determine under which class the contract falls [bailment or conditional sale], is

to ascertain whether there is a promise by the purchaser to pay for the goods delivered. If there is such promise, then, no matter under what form the transaction is disguised, it is held to be a conditional sale, and not a bailment."

Further at page 799, quoting from Donnelly v. Mitchell, 119 Iowa 432, 436, 93 N.W. 369, 371, we say:

"To constitute a conditional sale within the terms of the statute, there must be a delivery of possession to the purchaser, *with the intention of passing immediate ownership, subject only to the reservation of title to the seller as security for the purchase money.*" (Italics ours.)

47 Am. Jur., Sales, section 828, page 7, states:

"A conditional sale, it has been said, is an executory contract of sale by the terms of which the right of possession vests in the vendee, but the title remains in the vendor until the fulfilment of a condition, generally the payment of the purchase price, imposed upon the vendee, when the title ipso facto passes to the vendee by virtue of the original agreement."

See also Craddock v. Bickelhaupt, 227 Iowa 202, 288 N.W. 109, 135 A. L. R. 474; annotation in 92 A. L. R. 304, 305.

The undisputed record shows that appellee did everything essential to an executed sale except the surrender of the "title certificates", required for transfer of title in Illinois. The price was agreed upon, possession of the cars given to Mickel, with full knowledge that they were to be taken out of the state, and the title certificates were attached to the checks, to be released to Mickel upon payment of the checks, the purchase price. Upon the fulfilment of this condition—payment of the checks—title, as represented by the title certificates, would be delivered without any further acts upon the part of appellee. Mickel agreed to the price, as evidenced by the giving of the checks. He took immediate possession of the cars, took them to Iowa and placed a mortgage thereon as security for the loan from appellant. The check was a binding agreement to pay the amount thereof when the title certificates were delivered. Under the authority above-cited, the transaction was clearly a conditional sale within

the purview of section 556.4, Code of 1946, rather than an agreement to make a sale as was held by the trial court.

II. There being no record of the transaction between appellee and Mickel in the recorder's office in Shelby County, Iowa, appellant is entitled to priority over appellee by virtue of his loan and mortgage, if in taking same it had no knowledge of the condition attached to Mickel's possession of the cars. It stands undisputed in the record that appellee had no actual knowledge of the circumstances when the loan was made, although no questions or inquiry were made as to his title or right to give the mortgage. In Commercial Credit Corp. v. Interstate Finance Corp., 236 Iowa 459, 18 N.W.2d 178, 159 A. L. R. 663, we held that unless there was known to the purchaser or mortgagee such information as would put a reasonable man upon inquiry and which, if prosecuted with ordinary diligence would have resulted in a discovery of vendor's rights under the unrecorded agreement, no inquiry is necessary. We find nothing in this record which could be said to place appellant on inquiry and we therefore hold that under section 556.4, Code of 1946, appellant was entitled to the cars as against appellee's claim. Appellant cites Kirk v. Madsen, 240 Iowa 532, 36 N.W.2d 757. That case is clearly distinguishable from the instant case as we there held that the purchaser was not an innocent purchaser without notice.

For the reasons above set forth the judgment of the trial court is reversed and remanded for judgment in accordance herewith.—Reversed and remanded.

All JUSTICES concur.