Walter M. Glenn, dba Glenn Implement Company, appellee,
v. Harlan Keedy, appellant.

No. 49086.

(Reported in 80 N.W.2d 509)

JANUARY 15, 1957.

Edwin A. Getscher, of Hamburg, for appellant.

Martin & Wenger, of Hamburg, for appellee.

PETERSON, J.—On September 25, 1954, plaintiff, Walter M. Glenn dba Glenn Implement Company of Hamburg, sold two International tractors to defendant. The price, with tax, was $4040. One thousand dollars was to be paid in cash and $3040 was carried by plaintiff under a conditional sales contract, recorded October 1, 1954, with $1000 payable July 1, 1955, $1000 July 1, 1956, and $1040 December 15, 1956. Defendant could not pay the $1000 on the day of purchase, but he promised to pay it within thirty days, to which plaintiff agreed. Defendant testified he executed an ordinary promissory note for the down payment. Plaintiff testified no note was executed by defendant, and that he charged the item on his books as an ordinary book account. It is the contention of defendant he paid the $1000 on December 23, 1954, and that plaintiff returned his note to him. He states he lost the canceled note. Plaintiff denies this payment. The matter of payment or nonpayment of this item on December 23 is the only question involved in the case. On January 7, 1955, defendant paid plaintiff $2033.86. There is no controversy concerning this payment. One thousand thirty-three dollars and eighty-six cents was $812.50 on a tractor purchase made prior to the one involved in this action, $160.69 a parts purchase book account, and $60.67 interest on the old tractor item. The balance of $1000 was paid on the two tractors involved in this action. Plaintiff alleges this

was the down payment item of $1000. Defendant contends it was a prepayment by him of the $1000 he was to pay on July 1, 1955, on the conditional sales contract. After July 1, 1955, when the $1000 payment was not made, plaintiff sent notice to defendant as to delinquency. Defendant contended the item had been paid by him on January 7, 1955, and refused to make payment. Plaintiff waited several weeks and, in view of defendant's refusal to pay, proceeded in replevin in accordance with the terms of the conditional sales contract. The contract provided:

"The consideration of this note is the conditional sale and delivery of a New Super M. Tractor Serial #43123 and New Super H Tractor Serial #26407 and the express condition of such sale and delivery is that the title and ownership thereof is and shall remain in the said Glenn Imp. until note and interest are paid in full, and said Glenn Imp. Co. has full power to declare this note due and take possession of said property wherever the same may be whenever they may deem themselves insecure, * * * "

Plaintiff made demand upon defendant for the two tractors. Defendant refused to deliver them. Plaintiff filed replevin action and secured possession. Neither party asked for jury trial and the case was tried before Hon. R. Kent Martin, District Judge. He decided in favor of plaintiff. Defendant has appealed.

I. Appellant states in his statement of the case that "This is an action in equity brought by Walter M. Glenn dba Glenn Implement Company, plaintiff, against Harlan Keedy, defendant, to foreclose a conditional sales contract for the sale of two tractors." By this statement appellant contends the action is in equity, but he presents no assignment of error concerning the matter, and does not argue the proposition. Appellee's action is not in equity. Since appellant refused to pay the past-due item, and the balance on the tractors was substantial, appellee testified he deemed himself insecure. The petition appearing in the record is at law in replevin, properly containing all elements required under chapter 643, Iowa Code of 1954. The court tried the case at law. Appellant presents five propositions relied on for reversal: 1, 2, 4, and 5 pertain only to various fact elements, all of which are decided in the findings of fact by the trial court. Discussion hereinafter of the facts in the case constitutes con-

sideration of these four propositions. Number 3 has reference to admission of testimony of one witness, Jack Miller, which we will consider hereinafter.

██ II. A replevin action is at law. Section 643.2 states: "The action shall be by ordinary proceedings, but there shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim." We have held many times that the facts in a replevin action are triable by a jury. Nodle v. Hawthorne, 107 Iowa 380, 77 N.W. 1062; Wertheimer & Degen v. Parsons, 209 Iowa 1241, 229 N.W. 829; Brown v. Heising, Iowa, 282 N.W. 345; State Savings Bank of Sharpsburg v. Universal Credit Co., 234 Iowa 443, 12 N.W.2d 890; 46 Am. Jur., Replevin, sections 115 and 117. In Wertheimer & Degen v. Parsons, supra, a replevin action, we stated at page 1243 of 209 Iowa, page 830 of 229 N.W.: "In the submission of the case *to the jury*, the court, in its instructions, stated * * *." (Emphasis ours.) 77 C.J.S., Replevin, section 205, states: "On conflicting evidence questions of fact arising in an action of replevin are for determination by the jury or by the trial court sitting without a jury."

██ III. Since the jury was waived, the decision of the trial court as to his findings of fact are binding upon us to the same extent as the verdict of a jury, provided there is substantial evidence to sustain the findings. This case is not triable de novo. We can only consider errors assigned by appellant. Armstrong v. Smith, 227 Iowa 450, 288 N.W. 621; Haack v. Rodenbour, 234 Iowa 368, 12 N.W.2d 861; Lamble v. Schreiber, 236 Iowa 597, 19 N.W.2d 669; Kirk v. Madsen, 240 Iowa 532, 36 N.W.2d 757; A. C. Nelsen Auto Sales v. Turner, 241 Iowa 927, 44 N.W.2d 36; Hull-Dobbs Motor Co. v. Associates Discount Corp., 241 Iowa 1365, 44 N.W.2d 403. Rule 334, Rules of Civil Procedure, provides: "Review in equity cases shall be de novo. In all other cases the supreme court shall constitute a court for correction of errors at law; and findings of fact in jury-waived cases shall have the effect of a special verdict." In Hull-Dobbs Motor Co. v. Associates Discount Corp., supra, we said at page 1367 of 241 Iowa, page 405 of 44 N.W.2d: "It is true, as claimed by appellee, that in a law action with jury waived the court's finding on conflicting facts has the force of a jury verdict, and if there is

substantial basis in the record for such finding it is conclusive on this court on appeal."

The evidence of appellee consisted of his own testimony that appellant did not pay him $1000 on December 23, 1954, nor at any time in December. He was supported by the books and records of his business. The books, under stipulation, showed a charge to appellant of $1000 on September 28, 1954, and the payment of this item on January 7, 1955. Appellee's case was also supported by the fact that appellant did not produce and offer the canceled note in evidence. Appellant testified he paid the item on December 23 in cash and did not receive a receipt, but secured his canceled note. The peculiarity of appellant having lost a document of this importance, without reasonable explanation as to the loss, was a factor which the court had a right to consider in arriving at his findings of fact.

Appellant's evidence consisted of his testimony that he paid appellee $1000 on December 23, 1954. His wife and nephew testified that on some date between December 23, 1954, and January 7, 1955, they saw a promissory note for $1000 in the glove compartment of appellant's car. Their testimony was not too definite as to description of the note, except Mrs. Keedy testified the corner of the note containing the signature of appellant had been torn off. The only other evidence offered by appellant was proffer of the testimony of his landlord, Jack Miller. This has reference to appellant's assignment of error No. 3. Miller testified appellant sold four loads of corn between December 20 and 23 and he knew appellant had on hand one thousand dollars in cash on December 23. Objection was made to the testimony, which the court properly sustained. It was irrelevant and immaterial as to the question at issue. In support of this allegation of error appellant cites Wendt v. Haglestange, 179 Iowa 476, 477, 161 N.W. 455, 456, and the quoted statement "the defendant affirms and the plaintiff denies, and we are driven to a careful consideration of the *attendant circumstances,* in order to determine where the best corroboration lies." This is an action on a promissory note where there were several instances of disputed payments. The court did take into consideration some circumstances in connection with some of the payments, but they were not comparable to the circumstance of Miller knowing appellant had some cash

on hand, and testifying accordingly. Such testimony is too remote to be of any value as corroboration of payment. Appellant cites 70 C.J.S., Payment, section 114, as further support of admission of the Miller evidence. The statements in C.J.S., supra, are subject to the following provision: "The admission of evidence as to the debtor's financial condition has been held to be within the reasonable discretion of the trial court." Appellant also cites In re Estate of Waterman, 178 Minn. 90, 92, 225 N.W. 918, 919, in support of admission of the testimony of Jack Miller. The Minnesota case did permit testimony showing that Mr. Waterman was a man of means and had large deposits in local banks. However, the court stated: "The admission of the evidence above referred to was within the discretion of the trial court." The testimony in the Waterman case is not comparable to the Jack Miller testimony. We hold that in addition to its remoteness, the sustaining of objection to the evidence was within the discretion of the trial court, and does not justify reversal.

IV. The defense of payment either as to book account or note is an affirmative defense and the burden of proof as to payment is upon appellant. Riggs v. Gish, 201 Iowa 148, 205 N.W. 833; Youtsey v. Lemley, 169 Iowa 401, 151 N.W. 491; Folsom v. Grove, 233 Iowa 1140, 1143, 11 N.W.2d 368, 369; 40 Am. Jur., Payment, section 278. In Folsom v. Grove, supra, we stated: "The burden was on defendant to prove by competent evidence his defense of payment. This proposition seems too elementary to require citation of authorities, * * *."

V. Appellant only cites two other cases in support of his contentions. He cites Folsom v. Grove, supra. The principal question determined in this case appears in the last paragraph of Division IV. Careful consideration of the decision fails to disclose any support for appellant's contentions. He cites Whiting v. Eichelberger, 16 Iowa 422, in support of the theory that when payment is made to a creditor the debtor has a right to direct its application if there is more than one account or note involved. This legal position is correct, but is not involved in this case. The payment of January 7, 1955, was applied on the cost of the tractors as appellant requested. The question at issue is whether it was the down payment on the tractors, or a prepay-

ment on the conditional sales contract. This question was decided by the trial court in favor of appellee.

■ VI. This case primarily involves a question of fact. There are no new nor complicated questions of law presented. While there was direct conflict in the evidence, there is substantial evidence in favor of appellee upon which the trial court could and did base his findings of fact. Such findings are binding upon this court, and his decision is affirmed.—Affirmed.

All JUSTICES concur.