RHUTASEL v. STEPHENS.

1. **Chattel Mortgage**: SUFFICIENCY OF DESCRIPTION. Any description in a chattel mortgage which will enable third persons, aided by inquiries which the instrument itself suggests and directs, to identify the property intended to be covered, is sufficient. (*Smith v. McLean*, 24 Iowa, 322) Accordingly, "all my stock hogs, being forty, more or less, with the pigs now with them," *held* sufficient; but "one span of colts, three years old, one gray, one bay," and other similar descriptions of cattle, (see opinion,) with no reference to ownership, or location, or anything else enabling third parties by inquiry to identify them, *held* insufficient.

2. **Evidence**: CORROBORATION OF WITNESS: STATEMENTS OUT OF COURT: It is a general rule that evidence of what a witness has said out of court is not admissible to corroborate or fortify his testimony. For application of rule see opinion.

<div align="center">*Appeal from Franklin Circuit Court.*</div>

<div align="center">THURSDAY, APRIL 22.</div>

ACTION for the recovery of specific personal property. Defendant is sheriff of Franklin county, and he seized the property in controversy on a writ of attachment issued in the suit of the *Citizens Bank of Hampton* against *Nicholas J. Rhutasel.* Plaintiff is the wife of Nicholas J. Rhutasel, and she claims the property under a chattel mortgage executed by her husband to secure an alleged indebtedness. The mortgagor was in possession of the property at the time of the seizure by defendant. The defenses pleaded are (1) that the description of the property contained in the mortgage is so indefinite that the record of the instrument did not impart constructive notice to third parties; and (2) that the mortgage was given by the mortgagor, and accepted by plaintiff,

with intent to hinder, delay and defraud the creditors of the mortgagor. The verdict and judgment were for plaintiff. Defendant appeals.

*Taylor & Evans* and *D. W. Dow*, for appellant.

*Harriman & Luke* and *J. H. Bradley*, for appellee.

REED, J.—I. The description of the property contained in the mortgage is as follows: "All my stock hogs, being forty, more or less, with the pigs now with them; one span of colts, three years old, one gray, one bay; eight cows, one seven years old, white, and with red spots; one same age, and about same color; one brindle cow six years old; one cow four years old, with calf with her, blind in one eye; one four years old, red and white, with calf with her also; one eight years old, red, with white face; one roan cow, six years old." The circuit court ruled that this description was sufficiently certain, and that plaintiff was entitled to recover, unless it was shown that the mortgage was executed, and accepted by her, with the fraudulent intent charged. It was held by this court in *Smith v. McLean*, 24 Iowa, 322, that any description in a chattel mortgage which will enable third persons, aided by inquiries which the instrument itself suggests and directs, to identify the property intended to be covered, is sufficient. The correctness of the rule laid down in that case has never been seriously questioned, and it is well sustained by the authorities cited in the opinion, and by many others that might be cited. Under that rule, we think the description in the mortgage in question is sufficient as to the hogs named in it. In the description, "all my stock hogs, with the pigs now with them," an inquiry is suggested, which, if followed, would enable a person not a party to the instrument to identify the property. We think, however, that the description as to the other property is clearly insufficient. The description, "one span of colts, three years old, one gray, and one bay," contains

*1. CHATTEL mortgage: sufficiency of description.*

nothing by which the particular property intended could be identified. Bay colts three years old, and gray colts of the same age, could be found, we have no doubt, at any time, on one-half of the farms in the state, and a span or team answering that general description could be found in almost any neighborhood. And no inquiry is suggested by the description, which, if followed, would lead to the identification of the property. The description as to the other property is equally inadequate. It makes no reference to the ownership of the property, nor does it refer to its location, or otherwise describe it, or refer to it in such manner as to enable third parties by inquiry to identify it.

II. Plaintiff was examined as a witness in her own behalf, and testified that on several occasions before the mortgage was given she obtained money for her husband from the bank on whose suit the attachment issued, on which defendant seized the property, and that on one of those occasions the cashier of the bank told her that her husband's credit at the bank was good for $10,000. This testimony was introduced for the purpose of proving that she had reason to believe, when she accepted the mortgage, that her husband was solvent. Defendant introduced the cashier as a witness, and he denied having made the statement attributed to him. Plaintiff's husband was examined in rebuttal, and, against defendant's objection, was permitted to testify that on her return from the bank on the occasion in question plaintiff told him that the cashier had made the statement attributed to him in her testimony. The ruling admitting this testimony is assigned as error. We are of opinion that the evidence should have been excluded. The general rule is that evidence of what a witness has said out of court is not admissible to corroborate or fortify his testimony. 1 Greenl. Ev., § 409; *Robb v. Hackley*, 23 Wend., 50. It has sometimes been held, when an attempt was made to discredit a witness on the ground that he was influenced in giving his testimony by

<div style="margin-left:2em; font-size:smaller">2. EVIDENCE: corroboration of witness: statement out of court.</div>

some motive prompting him to give a false or colored state-ment, that it was allowable for the party calling him to show in reply that he had made the same statement when the attrib-uted motive did not exist. But this case is not within the principle of that holding. The question was whether the cashier had made the statement attributed to him. Plaintiff testified positively that he did make the statement, and it could add nothing to the strength of her testimony to show that she had made the statement when not under oath. There was no attempt to discredit her except by the negative testi-mony of the cashier. The question whether she or the cashier was the more credible witness was to be determined, but she was not entitled to have her previous statement, or the fact that she had made such previous statement, considered in determining that question.

Other questions have been argued by counsel, but we do not regard them as demanding attention at this time.

The judgment will be reversed, and the cause remanded for a new trial.

<div align="right">REVERSED.</div>