## WARNER v. WILSON ET AL.

1. **Chattel Mortgage:** OF CATTLE: INSUFFICIENT DESCRIPTION. A mortgage of cattle and their increase, in which they are described separately, the color, age and name being given, but no statement as to the present or past ownership of the property, nor of the place where it is now or has been kept, *held* insufficient, and void for uncertainty.

2. ———: DESCRIPTION: LOCATION IN COUNTY. It is not a sufficient location of property described in a chattel mortgage to say that it is within a named county. (*Muir v. Blake*, 57 Iowa, 662, followed.)

3. ——— : ———: PRESUMPTION OF OWNERSHIP. No presumption arises from the execution of a chattel mortgage that the mortgagor owns the property therein described, nor that such property is in existence. (*Everett v. Brown*, 64 Iowa, 420, followed.)

*Appeal from Adair District Court*—HON. J. H. HENDERSON, Judge.

WEDNESDAY, MARCH 7.

ACTION in equity to recover judgment on a promissory note, and for the foreclosure of a mortgage of personal property given to secure the same, and duly recorded. The intervenor alleges that he holds a mortgage on the property attempted to be described in the mortgage of the plaintiff, which was taken after the recording of the plaintiff's mortgage, and without knowledge thereof, save that imparted by the record. Intervenor further alleges that the mortgage of plaintiff creates no lien on the property attempted to be described therein, for the reason that the description given is indefinite and uncertain. A demurrer of plaintiff to the petition of intervenor was overruled. Plaintiff electing to stand upon his demurrer, judgment was rendered for intervenor. Plaintiff appeals.

*F. O. Hinkson*, for appellant.

*C. S. Fogg*, intervenor, *pro se.*

ROBINSON, J.—The demurrer raises but one question which we need to consider: Did the recording of plaintiff's mort

gage impart constructive notice of the property sought to be incumbered thereby? The property in controversy consists of cattle and their increase. In most cases the animals are described separately, the color, age and name being given. The mortgage of plaintiff contains no statement as to the present or past ownership of the property, nor of the place where it is now or has been kept. The descriptions are of the same character as those held insufficient in *Rhutasel v. Stephens*, 68 Iowa, 627, and other cases decided by this court, excepting that, in this case, the names of the animals are given. It is urged by appellant that, as the mortgage recites that the mortgagor is a resident of the county of Adair, and provides that in case he attempts to remove the property from that county it shall be lawful for the holder of the mortgage to take possession and foreclose at once, it must be presumed that the property was in Adair county and owned by the mortgagor, and that the giving of the name of each animal, in connection with its color and age, is sufficient to enable intervenor to identify the property by inquiries which the recitals named suggest. But we have held that it is not a sufficient location of the property to say that it is in a county named; (*Muir v. Blake*, 57 Iowa, 662;) also that no presumption arises from the execution of the mortgage that the mortgagor owns the property therein described, nor that such property is in existence. (*Everett v. Brown*, 64 Iowa, 420.)

We do not think the giving of the name adds materially to the description of this kind of property.

AFFIRMED.