CHARLES ANDREGG, Appellee, v. SAM BRUNSKILL *et al.*, Appellants.

1. **Chattel Mortgages:** DESCRIPTION OF PROPERTY: SUFFICIENCY. The settled rule in this state in relation to chattel mortgage descriptions is, that they will be held sufficient only when they enable third persons, aided by inquiries which the instrument itself indicates and directs, to identify the property. Accordingly, a description in the following words: "Fourteen steers one year old, crop. off left ear, and slit in same ear; four heifers one year old, marked on ear as above steers," is insufficient, not being aided by any statement as to the location or ownership of the property when the mortgage was executed.

2. ——: ——: ——: QUESTION FOR COURT. The question of the sufficiency of the description in a mortgage, to render it competent evidence, is one for the court.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, JANUARY 28, 1893.

ACTION to recover the value of mortgaged chattel property. There was a judgment for the plaintiff and the defendants appeal.—*Reversed.*

*Ira T. Martin,* for appellants.

*Argo, McDuffie & Reichmann,* for appellee.

GRANGER, J.—I. John Beyer made to the plaintiff a mortgage on certain personal property. He afterwards sold the property to the defendants, and this action is for the value thereof, because of a wrongful conversion. The plaintiff at the trial offered in evidence the mortgage, and an objection, which was overruled, presents the question of the sufficiency of the description in the mortgage to impart constructive notice. The description is in these words: "Fourteen steers one year old, crop off left ear, and slit in same ear; four heifers one year old, marked on ear as above steers." It has long been the settled rule of this state, in chattel mortgage descriptions, that they will be sufficient if they will enable third persons, aided by inquiries which the instrument itself indicates and directs, to identify the property. This rule is announced in *Smith v. McLean,* 24 Iowa, 322, and it has been many times repeated. Many mortgage descriptions have been subjected to the test of this rule, and their validity thereby determined. It will be noticed that the description quoted is not aided by any statement as to the location or ownership of the property when the mortgage was executed. The importance of such statements to aid what may be

*1. CHATTEL mortgages: description of property: sufficiency.*

called doubtful descriptions have been noticed by this court and we will refer briefly to some of them.

In *Rhutasel v. Stephens*, 68 Iowa, 627, "all my stock hogs, being forty, more or less, with the pigs now with them," is held sufficient. The balance of the description in the same mortgage is held insufficient, being, in part: "One span of colts, three years old; one gray, one bay." This is certainly as definite a description as the other, except that it does not appear to whom they belonged. The same may be said of the following in the same mortgage. "One brindle cow six years old, and one cow four years old, with calf with her, blind in one eye. One roan cow six years old." It is said in the opinion, speaking of the mortgage description, and holding that it did not describe the property in such manner as to enable third parties, by inquiring, to identify it, that "it makes no reference to the ownership of the property, nor does it refer to its location."

In *Wells v. Wilcox*, 68 Iowa, 708, the description was general, as horses, buggies, etc., and the possession was stated in the mortgagor. The description was held sufficient, the court saying: "It plainly shows that the property was, when the mortgage was executed, in the possession of the mortgagor, in Hardin county." In the same case, speaking of cases in which descriptions have been held insufficient, it is said, they "failed to direct inquiry for the identification of the property, by omitting to show in whom the possession of the property was when the mortgage was executed, or gave no means of identification, further than the bare statement of the species of the property, or its kind, with marks that would well apply to other property." The marks described in the mortgage in this case could well apply to other cattle of the same age, and, as showing the fact, it may be said that the mortgagor had many other cattle with the same mark, and they were being sold

from time to time, and the mortgage would not so aid an inquiry as to enable a third party to distinguish the cattle in question from others. If the mortgage indicated their location or ownership at a particular time, the advantages in the way of inquiry would be readily seen.

In *Warner v. Wilson*, 73 Iowa 719, the cattle were separately described by color, age and name; and this court held the description insufficient, because of "no statement as to the present or past ownership of the property, nor of the place where it is now or has been kept."

It is hardly necessary to pursue the thought further. Any yearling steers or heifers with a crop and slit in the left ear, no matter how, when or where made, would come within the description of this mortgage, and no matter where they were, or who was the owner. We have held that no presumption of ownership arises from the execution of the mortgage. *Everette v. Brown*, 64 Iowa, 420; *Warner v. Wilson, supra*. We regard the description in the mortgage as insufficient.

II. It is said by the appellee that the question of the sufficiency of the description is one for the jury, and reference is made to *Peterson v. Foli*, 67 Iowa, 402. The point of that case is misapprehended. Where the description in the mortgage is sufficient to authorize it in evidence, the question of the identity of the property claimed with that described in the mortgage is a question for the jury. The question of the sufficiency of the description in a mortgage, to render it competent evidence, is for the court.

2. ——: ——: ——: question for court.

III. It is urged that by a demurrer to the petition the question of the sufficiency of the description was determined adversely to the defendants, after which they answered, and thereby waived the objection.

Neither the original nor the amended abstract shows that a demurrer was interposed to the petition, and hence we cannot consider the point.

With our holding that the mortgage is invalid as to third parties, it is not necessary to consider other questions presented.   REVERSED.