## LOUIS BOOKNAU v. L. CLARK.

FILED MAY 17, 1899. No. 8598.

1. **Review:** HARMLESS ERROR. Errors which are not prejudicial to the losing party will not warrant the reversal of a judgment against him.

2. ———: ———: INSTRUCTIONS. If the conclusion reached by the jury is right and is the only one permissible under the pleadings and proofs, it is immaterial whether the instructions of the court correctly stated the law applicable to the issues submitted.

3. **Personalty:** OWNERSHIP: EVIDENCE. Exclusive possession of personal property is merely *prima facie* evidence of ownership.

4. ———: ———: ———: HUSBAND AND WIFE. Under the law of this state a married woman may own and control both real and personal property, and there is no presumption that chattels found in the possession of a husband and wife belong to the husband.

ERROR from the district court of Custer county. Tried below before GREENE, J. *Affirmed.*

*J. S. Kirkpatrick* and *L. E. Kirkpatrick,* for plaintiff in error.

*A. R. Humphrey* and *M. McSherry, contra.*

SULLIVAN, J.

Clark sued Booknau to recover possession of a red cow. The cause was tried to a jury in the district court, and resulted in a verdict and judgment in favor of the plaintiff. The defendant prosecutes error.

It appears from the bill of exceptions that Booknau asserts title through a chattel mortgage executed to him by H. H. Patton in November, 1891, while Clark's claim

of ownership is based on a purchase from Patton's wife made in the spring of 1894. The Pattons lived on a farm in Custer county, and, so far as the evidence gives any indication in regard to the matter, possessed equal authority and responsibility in the management of their business affairs. Each was the sole owner of a number of cattle, which were either kept on the farm or herded on the range. After reading the evidence we find it unnecessary to consider any of the assignments of error relied on for a reversal of the judgment. Whether the jury were correctly instructed is altogether immaterial, since their conclusion is right and is the only one which could have been properly reached. This remark is also applicable to the rejected evidence of identity. That the cow in controversy belonged to Mrs. Patton when the defendant's mortgage was executed is shown by the testimony of several witnesses. There is absolutely no evidence tending to prove that H. H. Patton ever had any title to the animal. It is true that in the mortgage he asserted ownership, but that fact was not competent evidence against Clark, who traced his title to another source. (*Warner v. Wilson*, 73 Ia. 719; 5 Am. & Eng. Ency. Law [2d ed.] 974.) Exclusive possession of personal property is, of course, presumptive evidence of ownership, but that presumption, being a rule of law and not of logic, loses its effectiveness when met, as it was in this case, by opposing proof. Besides, there was no evidence whatever of exclusive possession in Paton, and consequently there was nothing to which the presumption could attach. In *Oberfelder v. Kavanaugh*, 29 Neb. 427, it is said: "Under the law of this state a married woman may own personal property in her own right, the same as a married man. When such property is in the joint possession of both, the law raises no presumption that the husband is the owner thereof." We think the trial court would have been warranted in directing a verdict for the plaintiff. The judgment is

AFFIRMED.