FARMERS' & MERCHANTS' BANK, Appellant, v. CHARLES STOCKDALE, Appellee.

Chattel Mortgages: ACKNOWLEDGMENT: CONSTRUCTIVE NOTICE.
1    The acknowledgment of a chattel mortgage, in favor of a private banking partnership, certified by a member of the partnership and cashier of the bank, is void, and the record of the instrument imparts no constructive notice to subsequent mortgagees.

Description of Property. The description in a chattel mortgage
2    "all other personal property I may now own, or in the future may acquire, during the life of the mortgage," is too indefinite and a record of the same will not impart constructive notice to subsequent mortgagees.

Location of Property. Where a chattel mortgage covers property
3    on a particular section, it will not include that located on another section of the same township though aided by the clause, "and in other places in said county," and its record does not impart constructive notice to subsequent mortgagees of the property in the latter location.

*Appeal from Franklin District Court.*—HON. J. R. WHITAKER, Judge.

THURSDAY, OCTOBER 8, 1903.

ACTION to recover the value of certain personal property alleged to have been wrongfully converted by the defendant. Plaintiff claims under three several chattel mortgages; one dated December 27, 1897, executed by W. D. Moore to D. B. Parks, trustee, and covering "all the corn, hay, oats, and other farm products I now own, and all other corn, oats, and hay I may in the future acquire." The mortgage is in usual form, acknowledged before O. F. Myers, notary public, and recorded January 19, 1898. It is conceded that Parks was a trustee for the plaintiff bank. The second mortgage is dated October 5, 1899, executed by W. D. Moore, and Clara A., his wife, to the plaintiff bank, and covers, among other things, "all other personal property I now own, or in the future may acquire during the life of this mortgage." This mortgage was duly recorded on October 21, 1899. The third mortgage bears date November 19, 1900, is executed by W. D. Moore and Clara A., his wife, to the plaintiff bank, and covers, among other things, "all my stock of corn and corn fodder, wherever it may be, whether owned by me now or in the future acquired, raised, or purchased, especially all such as is bought to fatten cattle and hogs fed by me or to be fed by me; all hay, oats, straw, and other products bought or raised by me now or in the future used by me in feeding and farming. All of which property I now own and the same is in my possession in section 29, township 91, range 20, in said county, and in other places in said county." This mortgage was made a matter of record January 3, 1901. In August, 1901, the said W. D. Moore and Clara A., his wife, to secure an existing indebtedness, executed and delivered to this defendant a mortgage on "corn growing on section 20, township 91, range 20, raised by us during the year 1901." This mortgage was duly recorded September 2, 1901. In November, 1901, the defendant took possession of the corn under his mortgage, and sold

the same. This action is brought to recover the value of such corn. There was a trial before a jury, resulting in a verdict and judgment in favor of defendant. Plaintiff appeals. — *Affirmed.*

*Jno. M. Hemingway* and *J. Y. Luke* for appellants.

*B. H. Mallory* for appellee.

BISHOP, O. J.—The contentions of appellant are two: That the mortgages held by it were valid and subsisting liens upon the particular property in question, superior to any lien or claim of defendant, and that the record of such mortgages gave defendant constructive notice of the existence thereof; that, even if it shall be held that defendant did not have constructive notice by reason of the property description contained in said mortgages, still he had actual notice of the existence of such mortgages, and that plaintiff claimed a lien on the property in question by virtue thereof. At the close of all the evidence in the case, the plaintiff embodied its contentions, in substance, as above stated, in a motion to direct a verdict in its favor, which motion was overruled. The court instructed the jury that the mortgage introduced by plaintiff, being the first in point of date, was insufficiently acknowledged, and that the other two mortgages respectively did not contain a sufficiently certain description of the property sought to be mortgaged, and in consequence thereof the record of said mortgages did not impart constructive notice to the defendant. By a separate instruction the question of actual notice is submitted to the jury. As to the first

1. ACKNOWL-EDGMENT: constructive notice.

mortgage, it appears that O. F. Myers, the notary before whom the acknowledgment was taken, was at the time a partner in the banking firm (the name Farmers & Merchants' Bank being one employed simply by a private banking partnership), and

was the acting cashier of the bank.    That such acknowl-
edgment was void, and that the record of the instrument
did not operate to impart notice, is clear. *Wilson v. Traer*,
20 Iowa, 231; *City Bank of Boone v. Radtke*, 87 Iowa, ⸱363.

Taking up now the second of the mortgages, it will be
observed that it purports to be a conveyance of all· per-
sonal property then owned or to be acquired in the future

2. DESCRIPTION  by the mortgagors.    The law contemplates
of prop-
erty.            that there shall be a  description of the prop-
erty conveyed or incumbered.   Certainly, neither a de-
signation nor a description of any property is afforded by
a sweeping statement to the effect that the instrument in
question is intended as a conveyance of all the prop-
erty the mortgagor has, and  all that he ever expects to
have.    The record of such an instrument could not impart
notice, because it fails absolutely to furnish any informa-
tion, such as that by the recording act it was intended
should be given.    See the cases presently to be cited.

The third mortgage, it may be conceded for the pur-
poses of this case, contains a sufficient description of the

3. LOCATION    property in the section and township named.
of prop-
erty.          But the property here in question in point of
fact was in  section 20, and, if it is to be said that the
record of the mortgage imparted notice that such  was in-
cluded in the conveyance, it must be because the provision,
"and in other places in said county" affords a sufficient
description as to the location thereof.   We have held re-
peatedly that the description of property in a chattel
mortgage, to be sufficient as against third persons having
constructive notice only, must be such as that the property
can be identified by reference to the instrument itself,
aided by such inquiries as may be indicated or directed
thereby.   *Smith v. McLean*, 24 Iowa, 322.    *Andregg v.
Brunskill*, 87 Iowa, 351; *Taylor v. Gilbert*, 92 Iowa, 587.
The corollary follows that the description in a mortgage
which does not thus afford means of identification must

be held to be insufficient.   There should be a  designation
of the property conveyed, and of the place  where it  may
be found.   Not that it is necessary in all cases to describe
each article in detail, but the  description  should be suffi-
ciently specific to  enable a third person to go to the place
indicated and set the property apart.   *State Bank v.  Felt,*
88 Iowa, 532;  *Haller v.  Parrott,* 82 Iowa, 42.   It must be
manifest that a description reading "twenty-five acres  of
corn hereafter to be grown in  Franklin  county,"  would
not, taken alone, be sufficient to lead  to an  identification
of such property.   It is not a sufficient location of  prop-
erty to say that it is in a county named.   *Muir v.  Blake,*
57 Iowa, 662;  *Warner v.  Wilson,* 73 Iowa, 719.   We read-
ily reach the conclusion that the court did not err in over-
ruling  the  motion  to  direct  a   verdict  on  the  ground.
indicated, nor was there error in  the  instructions  under
consideration.

II.   Whether defendant had actual notice of the mort-
gage liens held by plaintiff was properly submitted to the
jury.   The evidence upon that subject is such that a  ver-
dict either way would have been warranted.   The verdict.
as rendered should not, therefore, be disturbed.

Finding  no  error  in  the  record,  the  judgment  is.
AFFIRMED.