THE FIRST NATIONAL BANK OF PANAMA CITY, A CORPORA-
TION, *Appellant*, v. THE FIRST NATIONAL BANK OF CHIP-
LEY, A CORPORATION, *Appellee.*

## Division A.

## Opinion Filed November 23, 1925.

1. As to creditors and subsequent purchasers recordation is essential to the validity of a chattel mortgage in this State, unless the mortgaged property is turned over to the mortgagee.

2. Courts recognize well established but no inflexible rules for determining the sufficiency of the description in a chattel mortgage, and such rules are less rigid than those applied to conveyances of real estate.

3. As between the parties it may be generally said that a description of the property mortgaged is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty what property is subject to his lien.

4. As against third persons the description in the mortgage must point out its subject matter so that such persons may identify the chattels covered by it, but it is not essential that the description be so specific that the property may be identified

alone, if such description suggests inquiries or means of identification which if pursued will disclose the property conveyed. it is sufficient.

A Writ of Error to the Circuit Court for Bay County; Amos Lewis, Judge.

Reversed.

*J. M. Sapp,* Attorney for Appellant.

*James N. Daniel,* Attorney for Appellee.

PER CURIAM.—On March 19, 1921, R. F. Scarlett executed and delivered to the First National Bank of Panama City a chattel mortgage to certain personal property the pertinent part of the descrption thereof being as follows:

"All crops of cotton, corn, cane, cabbage, melons and other agricultural products grown by me or that I have an interest in, grown or produced on any land in Washington County, Florida, during the year 1921, and all my live stock including horses, mules, oxen or cattle of any kind, hogs, sheep and goats, all my household and kitchen furniture of any kind and description, and all my round and square timber and any interest I may have therein; all my general merchandise not disposed of in regular course of business before said maturity, and any and all other personal property to which I may have title, and especially lumber as follows:

100,000 ft. 2x4 to 2x8; 100,000 ft. boards 1x3 to 1x12; 50,000 ft. 3x3 to 6x6; 50,000 ft. Cypress Ry. stock.

All located on my lumber yards at my mills in Washington County, Florida."

On September 29th, 1921, R. F. Scarlett, joined by his wife, N. A. Scarlett, executed and delivered to the First National Bank of Chipley a mortgage to certain real and

personal property, the pertinent part of the description of the personal property being as follows:

"One railroad switch, and about five hundred feet of railroad track (1000 ft. of rail) complete with all connections, bolts and spikes; one saw mill, one lathe mill, one shingle mill, and one feed mill, all complete with boiler, engines, piping, belts, tools and all appurtenances thereunto belonging or in any wise appertaining.

"And twelve mules, ten head of oxen (work oxen), five log carts, all yokes and bows used with said carts and oxen, four wagons (one 1-horse wagon, two 2-horse wagons, and one four-mule wagon), two Maxwell Auto trucks.

"Said railroad switch and tracks, and said mills, boilers, engines, piping, tools, belts and appurtenances being located about two and one-half miles west of Chipley, Florida, and known as Scarlett's Mill and being now in the possession of the said R. F. Scarlett; and the said mules, oxen, carts, wagons, yokes, bows and trucks being in the possession of the said Scarlett and used in and about said mill and the logging operations incident thereto, and being all of the mules, oxen, carts, wagons, yokes, bows, and trucks owned by the said R. F. Scarlett."

In November, 1923, the First National Bank of Chipley filed a bill in Washington County to foreclose its said mortgage and made the First National Bank of Panama City a defendant thereto. The First National Bank of Panama City had prior to this time filed a bill in Bay County to foreclose its chattel mortgage referred to above, and had obtained a final decree against the Scarletts, January 29th, 1924. Appellant and appellee then on February 25th, 1924, entered into an agreement to the effect that the proceeds of the sale of the personal property under said final decree should be held in lieu of the property and paid over to the party having the superior lien thereon.

The chancellor decreed that the description of the per-

sonal property in the mortgage to the appellant was not sufficient notice to the appellee when its mortgage was executed, though appellant's mortgage had been properly recorded. Appeal is taken from this decree.

By the description above recited, was appellee, a third party, on notice as to appellant's mortgage and the effect thereof, may be stated as the sole question brought here for determintaion.

It is admitted that appellant's mortgage was properly recorded. As to creditors and subsequent purchasers recordation is essential to the validity of a chattel mortgage in this State, unless the mortgaged property is turned over to the mortgagee. Sec. 3838, Rev. Gen. Stats., 1920; Spellman v. Beeman, 70 Fla. 575, 70 South. Rep. 589.

Courts recognize well established but no inflexible rules for determining the sufficiency of the description in a chattel mortgage and such rules are less rigid than those applied to conveyances of real estate. As between the parties it may be generally said that a description of the property mortgaged is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty what property is subject to his lien. As against third persons the description in the mortgage must point out its subject matter so that such persons may identify the chattels covered by it, but it is not essential that the description be so specific that the property may be identified alone, if such description suggests inquiries or means of identification which if pursued will disclose the property conveyed, it is sufficient. Divis v. Horne, 54 Fla. 563, 45 South. Rep. 476; Shomaker & Co. v. Waters, 56 Fla. 559, 47 South. Rep. 936; Andregg v. Brunskill, 87 Iowa 351, 54 N. W. Rep. 135, 43 Am. St. Rep. 388; 11 C. J. 456; 5 R. C. L. 429.

An inspection of the pertinent parts of the description in the mortgages quoted in this opinion discloses that as to certain items they appear to cover separate and distinct

chattels, but as to other items we think the terms of appellant's mortgage were ample to suggest inquiries which if pursued, would have disclosed to appellee, a third party, the identity of the property covered thereby. This being our view, it necessarily follows that appellant's mortgage is the superior lien on the chattels covered by it, so the decree of the chancellor is reversed.

Reversed.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.