149 So. 721

## SMITH v. MIXON.

### 4 Div. 965.

Court of Appeals of Alabama.

Sept. 12, 1933.

Carmichael & Tiller, of Geneva, for appellant.

E. C. Boswell, of Geneva, for appellee.

Brief did not reach the Reporter.

SAMFORD, Judge.

The plaintiff began his suit by attachment in the justice court of N. E. Wactor, justice of the peace. The writ was duly issued and executed by a levy on four bales of cotton in the warehouse of Black Mercantile Company at Black, Ala. The complaint filed in the case claimed for an amount due on a promissory note or chattel mortgage made by defendant on April 22, 1931, and payable September 15, 1931. On the 18th day of September the claimant filed in the justice court a claim bond and affidavit claiming the property or a lien thereon superior to that of the plaintiff. On the hearing in the justice of the peace court, judgment was rendered for the plaintiff as to a one-half undivided interest in and to the four bales of cotton levied on, and for the claimant as to the other one-half. From this judgment an appeal was taken to the circuit court, where on the trial before the judge sitting without a jury a judgment was rendered for the claimant. From this judgment this appeal is taken.

The attachment proceedings were in all respects regular; the attachment writ properly levied on the four bales of cotton as the property of defendant.

The claimant claims under a chattel mortgage executed on the 7th day of February, 1931, signed by Lecie Berry and indorsed on the back by the defendant in attachment. The cotton claimed by claimant was raised by the defendant in attachment in Holmes county, Fla., under a contract with Lecie Berry, whereby Lecie Berry furnished the land, stock, and half the fertilizer, and defendant in attachment furnished one-half the fertilizer and labor, and the crop was to be divided one-half to each. The description of the crop as set out in the mortgage from Lecie Berry to claimant is: "All the crops of cotton * * * grown by me or that I have an interest in, grown or produced on the following lands in Holmes County, Fla., during the years 1931, 1932." If this mortgage, under which claimant claims, is for any reason invalid, then the plaintiff must recover. Mitcham v. Schuessler, 98 Ala. 635, 13 So. 617.

The parties all live in Florida, the situs of the property was in that state, and the contract was made and recorded there. The mortgage is therefore to be construed as a Florida contract.

Section 5741 of article 4 of chapter 2, tit. 1, div. 4, of the Compiled General Laws of Florida, was introduced in evidence, and reads as follows: "Valid mortgage liens may be created upon agricultural, horticultural or fruit crops, then planted, growing, or to be thereafter planted, grown or raised: Provided, that the lands upon which said crops are grown or raised, or are to be thereafter grown or raised, are fully described in said mortgage." The mortgage of the claimant in this case does not in any way describe the land upon which the cotton here involved was grown or raised. The clause in the mortgage relative to crops reads: "All the crops of cotton * * * grown by me or that I have an interest in, grown or produced on the following lands in Holmes County, Fla., during the years 1931, 1932." Whatever may be a proper construction inter partes, this description is not sufficient as against a third party with a lien. There is in fact no description in the mortgage of claimant of the cotton involved in this suit.

The Statute of Florida, above quoted, evidently intended a more specific description than here appears, and in South Carolina, where there is a statute somewhat similar to that of Florida, it was held that, unless the land on which the crops of mortgagor were to be raised was described or mentioned, the mortgage was without efficacy to give title in

the mortgagee. Kimbrell Co. v. Mills & Young Co., 100 S. C. 443, 84 S. E. 996. And the rule is stated in First National Bank of Panama City v. First National Bank of Chipley, 90 Fla. 617, 106 So. 422.

Holding as we do that the mortgage of claimant is invalid as to the cotton involved, it becomes unnecessary to pass upon other questions.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.