HOBSON (Ret.), Justice
(dissenting).
This case is here on a petition for cer-tiorari to the District Court of Appeal, Third District, on the basis of an alleged direct conflict with a prior decision of this court.
It appears that in September, 1958, one Peterson executed and delivered a promissory note to the petitioner’s assignor. A chattel mortgage on certain bar fixtures and equipment was given as security for the note. Subsequently the note was negotiated and the mortgage assigned to the petitioner herein. The chattel mortgage and the assignment thereof were recorded in the Public Records of Dade County, Florida on September 23, 1958.
In January, 1960, the respondent purchased the chattels from Peterson after complying with the provisions of the Florida Bulk Sales Law. The affidavit of the seller Peterson furnished pursuant to the Bulk Sales Law recited that all the fixtures and equipment had been paid for in full, despite the existence of the chattel mortgage held by petitioners. Thereafter there was a default in the payment due on the promissory note and the petitioners instituted this action to reform and foreclose the chattel mortgage. It appeared from the complaint that the recorded note and mortgage inadvertently described the property as being located at a street address other than the one at which it was actually located.
The respondent answered the complaint and asserted that he was a bona fide purchaser of the goods without knowledge of the chattel mortgage held by petitioners. Respondent also filed a motion for summary judgment accompanied by an affidavit in which he admitted ownership, by purchase, of the chattels described in the complaint, but asserted as a defense the erroneous address contained in the recorded mortgage and note.
The chancellor entered a summary final decree in favor of the respondent Beeler in which it was stated that the chattels involved were owned by the respondent “free and clear of any lien of the mortgage asserted by the plaintiffs in their complaint”.
On appeal the District Court of Appeal, Third District, affirmed the summary decree in a per curiam order, without opinion. There was filed, however, a dissenting opinion by Horton, C. J., in which the facts, essentially as stated above, were set forth. Donoghue v. Beeler, Fla.App., 127 So.2d 125.
Petitioner seeks to invoke the jurisdiction of this court on the básis of an as *536 serted direct conflict between the decision of the District Court of Appeal and the decision of this court in the case of First National Bank of Panama City v. First National Bank of Chipley, 90 Fla. 617, 106 So. 422, wherein the following principle of law was set forth regarding chattel mortgages:
“As against third persons, the description in the mortgage must point out its subject-matter so that such persons may identify the chattels covered by it; but it is not essential that the description be so specific that the property may be identified alone. If such description suggests inquiries or means of identification which, if pursued, will disclose the property conveyed, it is sufficient.”
The foremost question with which this Court is confronted is whether there exists a direct conflict within the meaning of Article V, Section 4 of the Florida Constitution, F.S.A. upon which our jurisdiction can be based.
In Lake v. Lake, Fla., 103 So.2d 639, this court discharged a writ of certiorari predicated on an asserted direct conflict because the decision of the district court consisted of the single word “Affirmed”. The reasoning behind the decision in the Lake case was that this court was granted certiorari jurisdiction in “conflict” cases so that harmony and uniformity in the law could be maintained. It was held, in effect, that since the district court had affirmed the decision of the lower court without opinion, its decision could not prima facie conflict with any decision of another district court or this court. It was also pointed out that the primary function of the court, in the exercise of its “conflict certiorari” jurisdiction, is the “standardization of decisions on the same point of law”; and that the Supreme Court will not, therefore, “dig into a record” to determine the existence of a conflict.
The instant case is readily distinguishable from Lake v. Lake, supra, by virtue of the opinion of the dissenting judge filed herein. As previously pointed out, that dissent contains a summary of the facts of the case. Moreover, it should be observed that the basic facts are undisputed, and that the cause was decided by the trial court on the pleadings and on the affidavit of the respondent. The statement of the case contained in the dissenting judge’s opinion is not, therefore, merely one judge’s interpretation of the evidence; it is rather a recital of undisputed matters of record.
In Rosenthal v. Scott, Fla., 131 So.2d 480, another case involving the certiorari jurisdiction of this court on the basis of a direct conflict, it was held that one district court judge’s special concurring opinion, although not adopted by a majority of the district court, provided an adequate factual background for the Supreme Court to enter an order returning the cause to the district court with the request that the majority of that court prepare and adopt an opinion. Likewise, in the case before us, we may consider the factual background of the case as contained in the dissenting opinion to determine whether the result reached by the majority of the court is in direct conflict with a prior decision of this court. This practice is in keeping with the Supreme Court’s role of maintaining uniformity and dispelling confusion in the law. Certainly, where the undisputed facts of a cause are reported and spread upon the pages of the decisional law of the state, the result reached by the majority of the court on that state of facts is not without some impact on the jurisprudence" of the state.
The reported decisions of this court and the district courts of appeal are replete with citations to former decisions consisting merely of the words “Per Curiam. Affirmed”, or their equivalent, accompanied by dissenting opinions. Indeed, in a number of cases, considerable reliance has apparently been placed on such decisions. For example, the case of Leslie v. West, Fla., 38 So.2d 821, affirmed without opinion except for a dissent, has twice been cited *537 by this court with respect to the degree of proof necessary to show culpable or gross negligence. Miller v. State, Fla., 75 So.2d 312 at page 314, and Faircloth v. Hill, Fla., 85 So.2d 870 at page 872. Likewise, the case of Seaboard Air Line Railroad Company v. Braddock, Fla., 96 So.2d 127, subsequently served as the basis of the decision of the District Court of Appeal, Third District, in Ratner v. Arrington, Fla.App., 111 So.2d 82 at pages 87 and 88. See also Marks v. Carl’s Markets, Inc., Fla., 62 So.2d 739, cited and distinguished in Carl’s Markets, Inc. v. Leonard, Fla., 73 So.2d 826; Harvey v. Hubbard, Fla., 38 So.2d 303, cited in Trowbridge v. Guaranty Trust Company of New York, Fla., 53 So.2d 104; Brann v. Town of Ocean Ridge, Fla., 38 So.2d 457, cited in Town of Palm Beach v. City of West Palm Beach, Fla., 55 So.2d 566; and McCullough v. Forbes, Fla., 47 So.2d 780, cited in the case of L’Engle v. Forbes, Fla., 81 So.2d 214.
Insofar as my research has revealed, there is no reason why such decisions do not or should not constitute recognizable judicial authority. Unquestionably, if the decision of the district court herein is permitted to stand, future litigants, especially those within the third district, will be justified in placing some degree of reliance thereon. See Lake v. Lake, supra. In light of the foregoing observations, it becomes-this Court’s province to determine, on the basis of the facts confronting the district court, whether the decision reached collides with heretofore settled principles of law.
The test of the sufficiency, as against third persons, of the description of property subject to a chattel mortgage, is whether the description given would suggest inquiries which, if pursued, would disclose the encumbered property. First National Bank of Panama City v. First National Bank of Chipley, supra. As pointed out in the dissent of Horton, C. J. the respondent admitted that the chattels described in the mortgage were the same chattels which he purchased from Peterson. The only defect or erroneous information contained in the mortgage was the street address of the premises at which the chattels were located. In the note, a copy of which was recorded along with the mortgage, the premises were described as the “Club 16 Bar”. It appears from respondent’s affidavit filed in support of the motion for summary judgment that the goods which he subsequently purchased consisted of the business fixtures and equipment of a business known as “Club 16 Bar”. Thus, it is clear that if the recorded instrument had been consulted by the respondent prior to his purchase of the goods in question the mistake in the street address could not have misled him in any way. On the contrary, it would have been apparent that the goods which he was about to purchase were the same as those described in the mortgage.' Furthermore, it should be noted that such recorded instruments are required to be indexed alphabetically according to the names of the parties, not according to the location of the property. See sections 28.22 and 28.221, F.S.A.
The case of Hull v. Maryland Casualty Company, Fla., 79 So.2d 517, involved the recordation of instruments affecting the title of real property. However, the following statement from that case is equally applicable to chattel mortgages: “The record constitutes notice not only of its own contents, but of such other facts as would have been learned had the record been examined and inquiries suggested thereby duly prosecuted.”
A somewhat analogous point of law wac presented in the case of Magee v. City of Jacksonville, Fla., 87 So.2d 589, 62 A.L.R.2d 334. The question in that case was whether the notice of injury required by the charter of the defendant city was sufficiently precise in its description of the situs of the accident giving rise to the suit. It was held that such notice is adequate if it describes the location with such reasonable specifications as would enable the city officials to investigate the matter. A
*538 similar test of reasonableness is appropriate under the facts of the instant case.
It should be noted in passing that respondent’s compliance with the provisions of the bulk sales act in no wise affects petitioner’s rights under the chattel mortgage. If the bulk sales act is complied with, as it was in this case, the rights and liabilities of the parties are the same as if the law had never been enacted. 37 C.J.S. Fraudulent Conveyances, § 477; Sections 726.02-726.06, F.S.A.
For the foregoing reasons, I would hold that the decision of the District Court of Appeal herein is in direct conflict with a prior decision of this court, and that the district court erred in affirming the summary decree in favor of the respondent.
ROBERTS, C. J., and TERRELL, J., concur.