HORTON, Judge.
In a chattel mortgage foreclosure, appellants, as holders of an alleged prior chattel mortgage, intervened seeking to establish the priority of their mortgage over that of the appellee Abrams and the claim of the appellee Dade County Dairies, Inc., a third party claimant holding a retain title ■contract. Upon final hearing, the chancellor ruled that the rights of the appellee Dade County Dairies, Inc., claiming under its retain title contract, were superior to the claim of appellants as well as that of appellee Abrams, and authorized Dade County Dairies, Inc., to take immediate possession of the chattels described in its retain title contract. It is from the final decree containing the aforesaid adjudication that this appeal is prosecuted.
The appellants contend in the main that since their chattel mortgage was recorded and first in point of time, the chancellor erred when he awarded possession of the chattels to Dade County Dairies, Inc. On the other hand, Dade County Dairies, Inc., argues that the appellants’ chattel mortgage did not cover the chattels described in its retain title contract; consequently the chancellor was correct in his adjudication.
On November 17, 1958, a corporation known as 1401 Washington Avenue Corporation, d/b/a Lee’s Health Bar, located at 1665 Collins Avenue, Miami Beach, Florida, sold the equipment in question to Dade County Dairies, Inc., for which the latter paid the sum of $4,000. The title to the property was conveyed by 1401 Washington Avenue Corporation by a bill of sale and simultaneously, there was executed on the part of Dade County Dairies, Inc., and 1401 Washington Avenue Corporation a retain title note and contract in which Dade County Dairies, Inc., retained title to the specified personal property until the sum of $4,000 had been paid in monthly installments. The name of 1401 Washington Avenue Corporation was changed to 1665 Collins Avenue Corporation. On May 19, 1961, when the balance on the retain title contract of November 17, 1958, had been reduced to $800, the appellee Dade County Dairies, Inc., advanced the sum of $1,500 to 1665 Collins Avenue Corporation, which in turn executed a new retain title contract and note evidencing an indebtedness of approximately $2,300 made up of the new loan of $1,500 plus the balance remaining on the old retain title contract of $800. The retain title contract and note of May 19, 1961, was payable in monthly installments. There was introduced into evidence a check issued by Dade County Dairies, Inc., in the sum of $1,500, to 1665 Collins Avenue Corporation, which check was endorsed by Louis Haber as president of the latter corporation. At the time of the execution of the May 19, 1961, retain title note and contract, Irving Abrams, one of the ap-pellees here, was present on the premises of the 1665 Collins Avenue Corporation and was aware of the amount of money involved as well as the retain title note and contract. Appellee Abrams admits being *839 present at the time and place, but denies any discussion with the representative of Dade County Dairies, Inc., as to the facts surrounding the transaction which resulted in the execution of the retain title note and contract.
When the first monthly payment of $125 became due and payable on the second retain title note and contract, it was not made and the note and contract became in default. Dade County Dairies, Inc., although not a party to the original action, became aware of the litigation involving the foreclosure of appellee Abrams’ chattel mortgage and made claim to the chattels in question under its retain title contract.
The mortgage of the intervenor-appel-lants sought to encumber the following: “All goods, chattels, fixtures, furnishings, stock in trade, together with the trade name of that corporate business known as Lee’s Health Bar, located at 1665 Collins Avenue, Miami Beach, Florida.” This mortgage was recorded and, as previously stated, the appellants claim that in point of time as well as the fact that the appellee Dade County Dairies, Inc., had not recorded its retain title contract, the latter was precluded from claiming the chattels in question.
The rule as we understand it, and as stated in 6 Fla.Jur., Conditional Sales, § 35, p. 88, is as follows:
"A description of the property covered by a mortgage is sufficient as between the parties where it identifies the property in such a way that the mortgagee can identify with reasonable certainty the property that is subject to his lien.” [Emphasis supplied]
This latter rule is particularly applicable as between the parties to the instrument, but as to third parties, the rule in 6 Fla.Jur., Conditional Sales, § 36, p. 89, is as follows:
“To be sufficient as a description against third parties, a chattel mortgage must identify what is sought to be subjected to the lien. If accounts, for example, are mortgaged they should be particularly identified; it should be stated against whom they are held, their amount, and where they were contracted. It is not essential, however, that the description be so specific that the property may be identified from the instrument alone; it is sufficient if it provides a means of identification which will disclose the property covered.”
See also First Nat’l Bank of Panama City v. First National Bank of Chipley, 90 Fla. 617, 106 So. 422.
In the instant case it becomes immediately apparent that the description contained in the appellants’ mortgage may have been sufficient as between the parties to permit parol evidence to identify the property mortgaged, but as against third parties, it was not sufficient so as to provide a means by which the property intended to be covered could be identified, nor did it suggest inquiries or means of identification which, if pursued, would have disclosed such property. Likewise it is highly unlikely that the owner of specific chattels would subject itself to the risk of criminal prosecution by attempting to encumber the same chattels twice or the chattels of another without authority. See Chapter 818, Fla.Stat., F.S.A.
Concluding as we have that the chancellor was correct in his adjudication and that no reversible error has been made to appear, it follows that the decree appealed should be and is hereby affirmed.
Affirmed.