R. H. DeMOTT, Appellant,

v.

A. C. CONGDON, Trustee in Bankruptcy,
for First Mortgage Corporation of
Florida, Appellee.

No. 23395.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1967.

Paul Ritter, Winter Haven, Fla., for appellant.

Don M. Stichter, Tampa, Fla., for appellee.

Before JONES, WISDOM and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

A chattel mortgage was given by First Mortgage Corporation of Florida to the appellant, R. H. DeMott, covering "All the office equipment, furniture, fixtures and other personal property located in the building at 509 South Florida Avenue, Lakeland, Florida." The mortgagor became bankrupt and the Trustee in Bankruptcy petitioned for an order to sell the office furniture, fixtures and equipment located on the premises of the bankrupt. The Trustee asserted and the Referee held that the mortgage was invalid as to the Trustee because of the insufficiency of the description of the encumbered property. The district court upheld the ruling of the Referee. The mortgagee has appealed. The decision as to the sufficiency of the description depends upon the Florida law.

In an early decision the Supreme Court of Florida, quoting from Cyc., stated the rule as to the sufficiency of general descriptions in chattel mortgages in this language:

"As against third persons the mortgage must point out the subject-matter, so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests; * * *" Davis v.

Horne, 54 Fla. 563, 45 So. 476, 127 Am.St.Rep. 151.

The principle was again stated by the Supreme Court of Florida in these terms:

"Courts recognize well-established, but no inflexible, rules for determining the sufficiency of the description in a chattel mortgage, and such rules are less rigid than those applied to conveyances of real estate. As between the parties, it may be generally said that a description of the property mortgaged is sufficient, if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty, what property is subject to his lien. As against third persons, the description in the mortgage must point out its subject-matter so that such persons may identify the chattels covered by it; but it is not essential that the description be so specific that the property may be identified alone. If such description suggests inquiries or means of identification which, if pursued, will disclose the property conveyed, it is sufficient. * * *

"An inspection of the pertinent parts of the description in the mortgages quoted in this opinion discloses that as to certain items they appear to cover separate and distinct chattels, but as to other items we think the terms of appellant's mortgage were ample to suggest inquiries which, if pursued, would have disclosed to appellee, a third party, the identity of the property covered thereby." First National Bank of Panama City v. First National Bank of Chipley, 90 Fla. 617, 106 So. 422.

Citing and following the First National Bank of Panama City v. First National Bank case, the Supreme Court of Florida sustained the sufficiency of the description in a lien provision of a lease which encumbered "all of the furniture, fixtures, goods and chattels of said lessee which are or may be brought or put on said [previously described] premises * * *". Vanderpool Properties, Inc. v. Hess & Slager, Inc., 100 Fla. 933, 130 So. 457. See Hubbard v. Jebb, 163 So.2d

307, recently decided by the District Court of Appeal of Florida for the Second District where the court quotes with approval that portion of the opinion in the *First National Bank* case which is herein set forth.

■ Where, as here, there is a description of the chattels to be mortgaged, even though in general terms, accompanied by an accurate reference to the location of the mortgaged property, the location will point the way to the inquiry and supply a means of identification which will disclose the property encumbered. 15 Am.Jur.2d 248 et seq., Chattel Mortgages § 64; Bumb v. McIntyre, 9th Cir. 1960, 277 F.2d 647.

The Referee cited as the authority for his ruling Zacharia v. Abrams, 164 So. 2d 837, decided in 1964 by the District Court of Appeal of Florida for the Third District. The court held insufficient a description of "All goods, chattels, fixtures, furnishings, stock in trade, together with the trade name of that corporate business known as Lee's Health Bar, located at 1665 Collins Avenue, Miami Beach, Florida." If, and to the extent that this decision is in conflict with the other cases from Florida, it stands alone and is not declaratory of the long recognized and well settled general principles which have been stated and applied by the Supreme Court of Florida. We conclude the decision of the district court sustaining the ruling of the Referee was erroneous.

■ Although the question is not raised, it might be observed that under the facts of the case we do not have to decide whether "all other personal property," appearing in the description is sufficient, even aided by the location, to identify any property as being subject to the lien of the mortgage. All of the chattels which the Trustee in Bankruptcy attempted to sell and upon which the mortgagee claimed a lien were within the mortgage description of office equipment, furniture and fixtures. These being adequately identified, the description is not impaired by adding the words "all other personal property." See In

re John Hoos Co., D.C.Md.1962, 203 F. Supp. 641.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.