CARROLL, DONALD K., Acting Chief Judge.
A defendant in 'a chattel mortgage foreclosure suit has appealed from a partial summary decree entered by the Circuit Court for Marion County.
*28 The ultimate issue presented for our determination in this appeal is whether a certain mortgage to the said defendant sufficiently placed the plaintiff, as a subsequent mortgagee, on notice that the defendant claimed a lien on a certain liquor license.
On August 7, 1963, the defendants-appel-lees, Andrew J. Fontana and his wife, hereinafter referred to as the Fontanas, executed to the appellant-defendant, hereinafter referred to as the hank, a chattel mortgage on certain of their personal property, including the said liquor license, under which they operated their business known as “Fontana’s Liquors.” On the following day this mortgage was duly recorded in the public records of the said county, the mortgage serving as security for the Fontanas’ promissory note in the original principal amount of $10,000.
On May 25, 1965, nearly two years after such recording, the Fontanas executed to Leo Hayward and his wife, hereinafter referred to as the Haywards, a mortgage on the said liquor license. This mortgage was recorded in the said public records three days later. This mortgage was given to the Haywards as additional security for two real property mortgages, which were duly recorded. On October 29, 1965, the Hay-wards assigned their mortgages, including the said chattel mortgage, executed in favor of the Haywards, to the plaintiff-appellee.
Subsequently, the Fontanas defaulted on the terms of their chattel mortgage to the bank and on the Hayward mortgages which had been assigned to the plaintiff.
Thereupon the plaintiff filed the present suit to foreclose the chattel mortgage which the Haywards had assigned to him, and named the bank as one of the defendants. In its answer to the plaintiff’s complaint, the bank denied the allegation in the complaint that the lien of the bank’s chattel mortgage on the said liquor license is inferior and subordinate to the lien of the plaintiff’s said chattel mortgage on the license in question. The bank’s answer also alleges that its said chattel mortgage, recorded on August 8, 1963, served as constructive notice of its claim to any subsequent mortgagee or purchaser and that, therefore, the plaintiff was not a purchaser for value without notice.
After taking the depositions of the Fon-tanas, the plaintiff moved for a partial summary decree on the question of the priority between the bank’s chattel mortgage and the chattel mortgage held by him. The parties filed affidavits covering the said subject. Upon consideration of the motion and the evidence, the court granted the plaintiff’s said motion and entered a partial summary decree. The present appeal is taken from so much of the partial summary decree and the final decree based thereon as determined the priority of the claims to the said liquor license.
The pivotal question in this appeal is the construction that should be given to the following provision of the chattel mortgage which the Fontanas executed to the bank on August 7,1963:
“That the Liquor License under which the business of the Mortgagor is operated shall not be transferred to any other person or entity during the period this obligation or any part of it shall remain unpaid, and the Mortgagor specifically agrees that in the event of default on his part of any of the requirements of this instrument or the note secured hereby, he will forthwith transfer said license to the Mortgagee, or nominee.”
As mentioned above, the mortgage containing this quoted provision was duly recorded in the public records of Marion County on August 8, 1963, nearly two years before the chattel mortgage held by Beshere was executed and recorded.
In its partial summary decree the court found that the mortgage to the bank was on record prior to the date of the mortgage to the Haywards; that the bank’s said mortgage, being duly recorded, placed the plaintiff and his predecessors in interest on constructive notice of the bank’s mortgage claim as to the stock inventory described *29 therein, but not as to the liquor license here under consideration, for the reason that the said mortgage did not purport to include the liquor license.
The established rule in this state concerning the description of property in a mortgage where a third party is involved, was stated by the Florida Supreme Court in First National Bank of Panama City v. First National Bank of Chipley, 90 Fla. 617, 106 So. 422 (1925) and is that the mortgage:
“ * * * must point out its subject-matter so that such persons may identify the chattels covered by it; but it is not essential that the description be so specific that the property may he identified alone. If such description suggests inquiries or means of identification which, if pursued, will disclose the property conveyed, it is sufficient.”
Applying this rule to the above-quoted provision in the chattel mortgage executed by the Fontanas to the bank, there can be no doubt that the liquor license involved in this litigation is the license that is the subject of the chattel mortgage executed two years later by the Fontanas in favor of the Haywards, which mortgage was later assigned by the Haywards to Beshere.
Since the above chattel mortgage to the bank was duly recorded in the public records of Marion County on March 8, 1963, the Haywards and Beshere had constructive notice of the contents of the said mortgage when they acquired their interests in the chattel mortgage which the Fontanas executed on May 25, 1965, or at least the Fon-tanas and Beshere were put on inquiry concerning the interest held by the bank in the said liquor license.
Under these circumstances we think that the bank’s lien on the liquor license has priority over the lien held by Beshere, in the license.
In his partial summary decree, however, the chancellor stated that, the bank’s said mortgage, by its terms does not purport to include the said liquor license “as being a portion of the property mortgaged therein” and, accordingly, Beshere’s predecessor in interest “was not on constructive notice of any claim of present lien or interest in and to” the said liquor license at the time Be-shere’s mortgage was executed. The chancellor then held that Beshere’s mortgage is entitled to priority over the bank’s mortgage as to the liquor license in question. As indicated above, we cannot agree with this conclusion, because we think that the provision quoted above from the bank’s mortgage, which was executed by the Fontanas on August 7, 1963, clearly shows that the said liquor license constitutes a part of the security for the payment of the $10,000 loan which the bank made to the Fontanas.
Therefore, the partial summary . decree appealed from herein should be, and it is, reversed, and this cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
RAWLS and SPECTOR, JJ., concur.